UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY BILLIE HUTCHERSON,<br><br>    Plaintiff,<br><br>v.<br><br>RAPHAEL WASHINGTON, *et al.*,<br><br>    Defendants. | Case No. 4:24-cv-12851<br><br>Honorable Shalina D. Kumar<br>United States District Judge |

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

## I.     Introduction

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 regarding events that occurred while he was a county detainee. Plaintiff Larry Billie Hutcherson is presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan.  He brings claims concerning violations of his Eighth and Fourteenth Amendment rights while being housed at the Wayne County Jail.  He sues Wayne County Sheriff Raphael Washington, Wayne County Sheriff Deputy Sergeant Jane Doe, and Wayne County Sheriff Deputies John Doe # 1 and John Doe # 2 in their individual and official capacities.  He seeks monetary and injunctive-type relief.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## II. Facts

On January 8, 2022, Plaintiff was assaulted by Wayne County Defendants Jane Doe, John Doe # 1, and John Doe # 2 during his detainment in the Wayne County Jail. Plaintiff claims that Defendants assaulted him while handcuffed and tased him in the head causing injury. Plaintiff avers that a medical evaluation revealed that the prong from the taser was embedded into "the soft tissues in [his] skull" and the assault caused rib damage, vision loss in his left eye, and migraines. ECF No. 1, PageID.5. He further claims that Defendant Washington failed to take remedial action against Defendants.

## III. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant

who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## IV.   Discussion

### A. Supervisory Liability

Plaintiff seeks to hold Defendant Washington liable because of his supervisory position as the Wayne County Sheriff. Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v.*

*Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting Shehee, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy*

5

*v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege any facts suggesting that Defendant Washington encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in that conduct. Plaintiff fails to allege any facts at all regarding Washington's involvement in the assault. Conclusory allegations of supervisory liability without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Plaintiff's theory of liability is solely based on Washington's alleged failure to take corrective action and hold Defendants Jane Doe, John Doe # 1, and John Doe # 2 accountable for their unconstitutional conduct.  However, Plaintiff does not allege that any other incidents of excessive force occurred during his confinement that would render Washington liable for inaction where he knew or should have known of widespread violations by subordinates. *See Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (concluding that there was "some evidence that the Sheriff 'implicitly authorized, approved, or knowingly acquiesced' in the action of the responsible jail personnel as shown by the fact that [the unconstitutional conduct] was not isolated or confined to [the

6

plaintiff] and that he failed subsequently to punish the responsible individuals"). Because Plaintiff fails to show that Defendant Washington was personally involved in the assault, he is dismissed from the complaint.

### B. Official Capacity Claims

Plaintiff indicates that he is suing Defendants Jane Doe, John Doe # 1, and John Doe # 2 in both their official and individual capacities. Compl., ECF No. 1, PageID.2-3. Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). An official capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *see also Graham*, 473 U.S. at 165–66.

Here, Plaintiff's suit against Defendants Jane Doe and John Doe # 1 and John Doe # 2 —each of whom work for the Wayne County Sheriff's Office—in their official capacities necessarily intends to impose liability on the county. Wayne County, however, may not be held vicariously liable for

the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell*, 436 U.S. at 694. Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire*, 330 F.3d at 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell,* 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. The United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id*.

8

Here, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Accordingly, because Plaintiff fails to allege the existence of a policy or custom, the Court will dismiss Plaintiff's official capacity claims against Defendants Jane Doe, John Doe # 1, and John Doe # 2.

### C. Remaining Claims

Lastly, the Court concludes that Plaintiff's excessive-force claims against Defendants Jane Doe, John Doe # 1, and John Doe # 2 in their individual capacities are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on these claims, he has pleaded sufficient facts to state potential claims for relief.

### V. Conclusion

For the reasons stated, the Court **DISMISSES** Defendant Washington and the claims against him for failure to state a claim. 28 U.S.C. §§

1915(e)(2)(b) and 1915A. The Court further **DISMISSES** the official capacity claims against Defendants Jane Doe, John Doe # 1 and John Doe # 2.

The Court further concludes that Plaintiff's claims against Defendants Jane Doe, John Doe # 1, and John Doe # 2 are not subject to summary dismissal.

**IT IS SO ORDERED**.

                                                    s/Shalina D. Kumar
                                                    SHALINA D. KUMAR
                                                    United States District Judge

Dated:  January 13, 2025