UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BILLIE HUTCHERSON,

Plaintiff,

v.

RAPHAEL WASHINGTON, *et al*.,

Defendants.

Case No. 24-12851
Honorable Shalina D. Kumar
United States District Judge

**OPINION AND ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

**I.**

Plaintiff Larry Billie Hutcherson ("Hutcherson"), proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitution rights arising out of and in connection with his custodial stay at the Wayne County Jail. ECF No. 13.[1] The Court conducted its review of the amended complaint under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), and only the Doe Defendants remained in the case. *See* ECF No. 17.

---

[1] Hutcherson filed his initial complaint on October 29, 2024. ECF No. 1. After the Court partially dismissed his complaint, *see* ECF No. 11, Hutcherson moved for leave to file an amended complaint. ECF No. 12. The Court granted Hutcherson's motion and his amended complaint, ECF No. 13, is the operative one.

For the reasons discussed below, the Court **DISMISSES** the amended complaint without prejudice for Hutcherson's failure to comply with the Court's order directing him to provide identifying information for the John Doe Defendants.

## II.

Hutcherson's original complaint brought claims concerning violations of his Fourteenth Amendment rights while being housed at the Wayne County Jail in 2022. He sued Wayne County Sheriff Raphael Washington, Wayne County Sheriff Deputy Sergeant Jane Doe, and Wayne County Sheriff Deputies John Doe # 1 and John Doe # 2 in their individual and official capacities. On January 13, 2025, the Court entered an order partially dismissing the complaint with respect to Defendant Washington and the official capacity claims against the remaining Wayne County Sheriff Defendants. ECF No. 11. On January 28, 2025, Hutcherson filed an amended complaint. The amended complaint alleged claims against Washington, Wayne County, and added additional facts and First Amendment retaliation claims against Jane Doe, John Doe No. 1, and John Doe No. 2, as well as additional state law claims. However, the amended complaint did not include any identifying information for the Doe Defendants. On January 29, 2025, the Court directed Hutcherson to

provide additional identifying information for Defendants Jane Doe, John Doe # 1 and John Doe # 2 because service could not be effectuated based on the information supplied in the amended complaint. *See* ECF No. 14.

The Court screened the amended complaint and determined that Defendant Washington remained dismissed from the case and dismissed the claims against Wayne County. ECF No. 17, PageID.101. Because Hutcherson had still not provided information regarding the identities of the Doe Defendants, on June 16, 2025, the Court entered an order for Hutcherson to show cause why his case should not be dismissed for failure to prosecute. ECF No. 18. The Court cautioned him that failure to provide identifying information for the Doe Defendants could result in the dismissal of his case. *Id*.

In his response to the order, Hutcherson asserts that his case should proceed because he re-named Defendant Washington in the amended complaint, and discovery will provide the names of the Doe Defendants. ECF No. 20. As discussed, Defendant Washington was not reinstated, and Hutcherson has again failed to provide identifying information for any Doe individual or name a defendant upon which service can be effectuated. Without such information, the Court is unable to order service by the United States Marshals Service. The Court has provided Hutcherson with ample

3

opportunity to discover additional information. Because he has failed to comply with the Court's previous order directing him to provide identifying information, the Court will dismiss his complaint without prejudice. This dismissal without prejudice does not preclude Hutcherson from refiling his suit against these individuals, within the applicable limitations period, should he discover identifying information for at least one of the Doe Defendants.

### III.

For the reasons stated, the Court **DISMISSES** the amended complaint without prejudice for failure to comply with the Court's order to name any of the remaining defendants. Hutcherson may refile his suit, within the applicable limitations period, should he discover the name of at least one Doe Defendant. An order and judgment consistent with this opinion will be entered. This case is closed.

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated:  January 29, 2026

4